Romaine CHAPPELLE, Plaintiff–Appellant,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, Director; et al., Defendants–Appellees.

No. 00–56831.

D.C. No. CV–97–07451–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Chappelle's motion for an extension of time to respond to the screening letter.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Romaine Chappelle, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging the use of excessive force in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.1997). We affirm in part, and vacate and remand in part.

■ To defeat summary judgment, Chappelle needed to raise a triable issue as to whether defendants used excessive force, which is established by considering "the extent of injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful

response.'" *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The district court was required to view the evidence in a light most favorable to Chappelle and to draw all reasonable inferences in Chappelle's favor. *See Freeman*, 125 F.3d at 735; *May v. Baldwin*, 109 F.3d 557, 560 (9th Cir.1997).

Upon our review of the record, we agree with the district court that summary judgment should be granted in favor of defendant Flores. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

We also agree with the district court that Chappelle established as a genuine issue that his shoulder had been injured as a result of defendant's conduct and that he failed to raise a genuine issue as to his other purported injuries.

■ Our disagreement with the district court's analysis relates to whether there was a genuine issue concerning the level of force needed in this situation. Our review of the record, including defendants' declarations filed in support of their motion for summary judgment, Chappelle's submission filed May 2, 2000 entitled "Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Declaration of R. Chappelle (Plaintiff) A. Morrison C/O," and Chappelle's deposition testimony, reveals a dispute about whether Chappelle complied with the defendants' orders. Chappelle claims to have been compliant throughout the interaction; defendants claim he was non-compliant, hostile and verbally abusive. This dispute, involving a clearly material fact, is inappropriate for resolution on summary judgment. Accordingly, we vacate the district court's summary judgment and remand for further proceedings consistent with this disposition.

---

Defendants shall bear the costs on appeal.

**AFFIRMED in part, VACATED and REMANDED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.